UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-cv-10264-JLK/AMS

GEICO MARINE INSURANCE COMPANY,

    Plaintiff/Counter-Defendant,

vs.

II GIRLS, LLC and ALANA STOIA,

    Defendant/Counter-Plaintiff.

_____/

**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES**
**TO PLAINTIFF'S AMENDED COMPLAINT, AND COUNTERCLAIM**

COME NOW, Defendants II GIRLS, LLC and ALANA STOIA, by and through undersigned counsel and pursuant to applicable Rules of Procedure, and hereby file their Answer and Affirmative Defenses to Plaintiff's Amended Complaint, and Counterclaim, stating as follows:

**ANSWER**

1.    Defendants admit the jurisdictional allegations of Paragraph 1 of Plaintiff's Amended Complaint.

2.    Defendants admit the jurisdictional allegations of Paragraph 2 of Plaintiff's Amended Complaint.

*Note: after the previous two numbered paragraphs, Plaintiff's Amended Complaint begins renumbering paragraphs, starting again with number one. Defendants' answer the following paragraphs likewise.*

1.    Defendants admit that they are the owners of the subject vessel and that it was purchased on or about the proffered date, as stated in Paragraph 1 of Plaintiff's Amended Complaint.

2. Defendants admit that they submitted a marine insurance application to Plaintiff, as stated in Paragraph 2 of Plaintiff's Amended Complaint.

3. Defendants deny the allegations contained in Paragraph 3 of Plaintiff's Amended Complaint.

4. Defendants are without knowledge of what Plaintiff relied upon; therefore, Defendants deny the allegations contained in Paragraph 4 of Plaintiff's Amended Complaint, and demand strict proof thereof.

5. Defendants admit that Plaintiff issued a policy of insurance, that the policy was renewed, and that the policy remained in effect through and including January 20, 2018. Defendants deny the remaining allegations contained in Paragraph 5 of Plaintiff's Amended Complaint and demand strict proof thereof.

6. Defendants admit the allegations contained in Paragraph 6 of Plaintiff's Amended Complaint.

7. Defendants deny the allegations contained in Paragraph 7 of Plaintiff's Amended Complaint.

8. Defendants respond to Paragraph 8 of Plaintiff's Amended Complaint as they have previously answered to the corresponding paragraphs above, as if fully incorporated herein.

9. Defendants deny the allegations contained in Paragraph 9 to Plaintiff's Amended Complaint, and any inferences therein, are denied, including the applicability and use of the case law cited therein.

10. Defendants deny the allegations contained in Paragraph 10 of Plaintiff's Amended Complaint.

11. Defendants deny the allegations contained in Paragraph 11 of Plaintiff's Amended Complaint.

12. Defendants deny the allegations contained in Paragraph 12 of Plaintiff's Amended Complaint.

Defendants deny each and every allegation contained in Plaintiff's "WHEREFORE" clause, and expressly denies Plaintiff's entitlement to any relief sought therein.

Any portion or part of any paragraph of Plaintiff's Amended Complaint, if not expressly and unequivocally admitted, is hereby denied.

### AFFIRMATIVE DEFENSES

1. As Plaintiff was not under any threat of injury or in doubt as to its ability to deny an insurance claim Plaintiff has already denied, Plaintiff's claim for declaratory relief is not justicable.

2. Plaintiff is estopped from bringing claim against Defendant where Plaintiff filed its action in anticipation of litigation to secure a preferable forum in an action properly brought by Defendant.

3. Plaintiff is estopped from bringing claim against Defendant where Plaintiff has engaged in procedural fencing by placing Defendant in a defensive posture so to defeat his right to a jury trial.

4. The parties contracted out of or around *uberrimae fidei*.

5. To the extent that there could have been any misrepresentation(s) on the marine insurance application, such alleged misrepresentation(s) were not material to the risk.

6. Plaintiff did not rely on the information allegedly misrepresented in issuing its policy.

7. Defendant reserves the right to assert additional defenses as discovery progresses in this case.

## COUNTERCLAIM

Defendants/Counter-Plaintiffs, II GIRLS, LLC and ALANA STOIA, through undersigned counsel, hereby files this Counterclaim against Plaintiff/Counter-Defendant, GEICO MARINE INSURANCE COMPANY, and states as follows:

### Jurisdiction and Venue and Parties

1. This Court has diversity jurisdiction pursuant to 28 U.S.C. §1332, as GEICO MARINE INSUANCE COMPANY ("Geico") is a company organized and existing under the laws of the State of Maryland and is domiciled in Maryland, and the amount in controversy exceeds Seventy-five Thousand ($75,000) Dollars, exclusive of costs, interest and attorneys' fees. The policy at issue is for a stated amount of insurance of Eighty Thousand ($80,000) Dollars covering the hull of the subject vessel.

2. Venue of this action lies in the Southern District of Florida, as ALANA STOIA ("Stoia") is a resident of, and domiciled in, Monroe County Florida, II GIRLS, LLC ("II Girls") is domiciled in Monroe County, Florida,[1] the vessel which is the subject of the loss caught fire in Monroe County Florida, and the policy of insurance was delivered by Geico to Stoia in Monroe County Florida.

---

[1] II Girls LLC's members are residents of and domiciled in Monroe County, Florida.

4

3. Stoia at all material times was and is <u>sui juris</u>, and is a resident of Monroe County, Florida.  II Girls is a Colorado-established entity, its members are domiciled in Monroe County, Florida.

4. Geico at all times material was and is a Maryland Company, is a citizen of the state of Maryland, with its principal place of business located in Springfield Virgiinia.  Geico did and does do business throughout the State of Florida, including but not limited to Monroe County and is licensed to transact business in the state of Florida.

## FACTUAL ALLEGATIONS

5. In or about October 2012, Geico issued a marine insurance policy to II Girls and Stoia on a 2007 Sea Ray 29-foot motor yacht, with hull identification number SERR1252G607.  The subject insurance policy No. BUS5204958-02 (a "specimen" copy of which is attached to the Plaintiff's Amended Complaint) provided, inter alia, hull and machinery coverage at an agreed value of $80,000.  This policy was subsequently renewed each succeeding year, and remained in effect up through and including January 20, 2018.

6. II Girls and Stoia paid the policy premium in full, for each year.

7. On or about January 20, 2018 (within the policy period), the subject vessel caught on fire and suffered severe damage, rendering the vessel a total constructive loss.

8. Shortly after the fire, Stoia made claim for the loss.

9. Geico denied coverage for the loss of the vessel, contending that the insureds made material misrepresentations on their application for insurance and has sued its insureds asking for declaratory relief from coverage.

10. II Girls and Stoia contend that there is coverage under the policy and that they made no material misrepresentations on the application for insurance which would be deemed material to the risk insured.

## COUNT I

## BREACH OF CONTRACT OF INSURANCE

11. The allegations contained in paragraphs 1 through 10 are incorporated herein by reference.

12. This is an action for breach of a contract of insurance.

13. The subject insurance policy provided coverage for losses such as damages attributable to fire.

14. II Girls and Stoia fully performed under the terms of the contract, and gave adequate consideration in the form of the full policy premium.

15. During the period of time in which coverage was in effect II Girls and Stoia incurred substantial loss to their vessel due to fire, and made a timely claim under the policy for the loss.

16. Geico breached the contract of insurance by failing to perform its obligation under the contract, to wit, refusing to honor II Girls' and Stoia's insurance claim and pay the insureds damages.

17. Under general insurance contract law, and the law of marine insurance, Geico maintained a duty to deal with its insured with the utmost good faith and fair dealing.

18. Geico further breached the contract of insurance by utilizing strained interpretations of federal maritime law, and the concept of uberrimae fidei, to deny coverage.

19.     Geico breached its duty of utmost good faith by not furnishing the assured the benefits of the policy of all risks insurance, and/or issuing a policy offering only illusory coverage in exchange for adequate consideration.

20.     Geico's breach of the contract of insurance has caused II Girls and Stoia to incur substantial foreseeable and consequential damages, including but not limited to the value of the vessel.

21.     Geico's breach of the contract of insurance has further caused II Girls and Stoia to incur substantial attorneys' fees that he is entitled to recoup pursuant to §627.428, Fla. Stat.

WHEREFORE, based on the foregoing, Defendants/Counter-Plaintiffs, II Girls, LLC and Alana Stoia, demand judgment against Geico for compensatory damages of $80,000.00, plus attorneys' fees pursuant to Fla. Stat. §627.428, interest, costs and for such other and further relief as this Court deems just.

## DEMAND FOR JURY TRIAL

Defendants/Counter-Plaintiffs, II Girls, LLC and Alana Stoia, hereby demand a trial by jury on all issues deemed so triable, as a matter of right, on all counts alleged in their counterclaim.

      Respectfully submitted,

      ADER & HITT, PA
      Miami Tower, Suite 3550
      100 S.E. 2nd Street
      Miami, Florida  33131
      Telephone: (305) 371-6060

      By: s/ Elizabeth B. Hitt
          ROBERT ADER
          Florida Bar No.  335126
          aderlaw@aol.com
          ELIZABETH B. HITT
          Florida Bar No. 176850
          bethhitt@aol.com

## CERTIFICATE OF SERVICE

  I HEREBY CERTIFY that, on January 14, 2019, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF of some other authorized manner for those counsel or parties who are not authorized to receive electronically Notice of Electronic Filing.

s/ Elizabeth B. Hitt _____

## SERVICE LIST

Via CM/ECF:

Craig P. Liszt, Esq.
Florida Bar No. 63414
clistzt@admiral-law.com
HORR, NOVAK & SKIPP, P.A.
Two Datran Center, Suite 1700
9130 South Dadeland Boulevard
Miami, Florida 33156
Tel: (305) 852-9233
Fax: (305) 852-0686
*Counsel for Plaintiff/Counter-Defendant*